UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| SHIRLEY COMBS, | Case No. 21-cv-842 |
| Plaintiff, | |
| vs. | |
| LCS FINANCIAL SERVICES CORPORATION, | |
| Defendant. | |

## COMPLAINT

NOW COMES, Plaintiff Shirley Combs, by and through her attorney, Nathan DeLadurantey of DeLadurantey Law Office, LLC and complains of Defendant LCS Financial Services Corporation, and alleges to the best of her knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### NATURE OF THE ACTION

1. This lawsuit arises from illegal credit reporting and collection attempts.

2. Causes of Action herein are brought under the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq*. ("FCRA"), the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq*. ("FDCPA"), and Wis. Stat. 995.50.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the claims arising under the FCRA and FDCPA under 28 U.S.C. § 1331, because this case arises under the laws of the United States.

4. This Court also has jurisdiction under 15 U.S.C. § 1681(p) as it is an action to enforce liability created by the FCRA within two years from the date on which the violation occurred.

5. Additionally, this Court also has jurisdiction pursuant to 15 U.S.C. § 1692k(d) as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation occurred

6. This Court has supplemental jurisdiction over the claims arising under Wisconsin law under 28 U.S.C. § 1367, because those claims are related to the FCRA and FDCPA claims as they arise under the same set of facts. Thus they are part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(1), because this is where the defendants reside. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction.

**PARTIES**

8. Plaintiff Shirley Combs (hereinafter "Plaintiff") is a natural person who resides in the County of Milwaukee, State of Wisconsin.

9. Defendant LCS Financial Services Corporation, (hereinafter "Defendant") is a corporation with a principal address located at 6782 S. Potomac Street, Suite 100, Centennial, CO 80112. Defendant's registered agent is Registered Agent Solutions, Inc., 36 S. 18th Ave., Suite D, Brighton, CO 80601.

10. Plaintiff is a "consumer" as defined by 15 U.S.C. §1962a(3).

11. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

12. In 2013, Plaintiff filed for relief under Chapter 13 of the United States Bankruptcy Code. This filing was made in the Eastern District of Wisconsin and was given Case No. 13-20915.

13. As part of the bankruptcy case, Plaintiff filed an adversary proceeding against one of her mortgage companies. This adversary proceeding was to determine the extent of the lien held by the mortgage company.

14. That mortgage company agreed that if Plaintiff completed her Chapter 13 bankruptcy, the mortgage company would no longer have a lien on the property (in addition to having the debt discharged). The mortgage company executed a stipulation on these terms (attached as Exhibit A), which was approved via order by the bankruptcy court (attached as Exhibit B).

15. Plaintiff received her bankruptcy discharge on December 13, 2019 (attached as Exhibit C). This discharge of debts meant that Plaintiff no longer owed money on the mortgage referenced in Exhibits A and B, and that the mortgage no longer operated as a lien on the property.

16. In 2021 Plaintiff went to refinance the real estate formerly subject to the mortgage referenced in Exhibits A and B.

17. She learned that Defendant had pulled her credit report, resulting in a decrease in her score and impact on her credit reputation.

18. Plaintiff called Defendant to ask about the nature of the inquiry. Plaintiff was informed the inquiry related to the mortgage lien and debt that had been discharged and removed via court order in her bankruptcy.

19. Defendant indicated it had acquired and/or was collecting on the debt and mortgage referenced in Exhibits A and B.

20. Defendant indicated it did not need permission to pull her credit, and that the credit inquiry had been made intentionally.

21. The actions of Defendant in pulling Plaintiff's credit was done without Plaintiff's permission or any permissible purpose.

22. In fact, Defendant knew it had no permissible, valid, or legal basis to pull Plaintiff's credit.

## COUNT 1 – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Defendant violated 15 U.S.C. § 1681b(f) by failing to have a permissible purpose as defined by 15 U.S.C. § 1681(b)(a) when it obtained a copy of Plaintiff's credit report.

25. As a result of Defendant's impermissible request of the credit report, the Plaintiff has suffered actual damages, including (but not limited to) emotional distress, pursuant to 15 U.S.C. §§ 1681o(a)(1).

26. Because Defendant's action of pulling the report, the action was willful, Plaintiff is entitled to statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a).

27. Plaintiff is also entitled to attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

## COUNT 2 – INVASION OF PRIVACY

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Plaintiff has a right of privacy in Wisconsin as recognized in Wis. Stat. § 995.50.

30. Defendant invaded the private credit records of Plaintiff by obtaining a copy of her credit report.

31. Defendant's conduct unreasonably invaded Plaintiff's right to privacy and caused her damages including emotional distress.

32. Plaintiff is entitled to equitable relief to prevent and restrain further invasion, compensatory damages, and a reasonable amount of attorney's fees pursuant to Wis. Stat. § 995.50.

## COUNT 3 – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff incorporates by reference all of the above-paragraphs of this Complaint as though fully stated herein.

34. Plaintiff is a consumer as defined by 15 U.S.C. ¬ß1692a(3).

35. The foregoing acts of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1), with respect to Plaintiff.

36. Specifically, under 15 U.S.C. § 1692e(2), a debt collector cannot make a false representation about the amount of debt owed, which they did in the actions described above.

37. Specifically, under 15 U.S.C. § 1692e(5), a debt collector cannot threaten to take any action they legally cannot take, which they did in the actions described above.

38. Under 15 U.S.C. § 1692e(10), a debt collector cannot use false representation or deceptive means to collect, which they did in the actions described above.

39. Under 15 U.S.C. § 1692f(1), a debt collector cannot collect an amount, which it is not authorized to collect, which they did in the actions described above.

40. Plaintiff has suffered actual damages as a result of these illegal collection communications, including (but not limited to) anger, anxiety, emotional distress, humiliation, frustration, amongst other negative emotions.

41. Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## **TRIAL BY JURY**

42. Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Court will enter an Order:

A. For an award of actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1682o(a)(1) against Defendant;
B. Statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a) against Defendant;
C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2) against Defendant;
D. Equitable relief to prevent and restrain further invasion, compensatory damages, and reasonable attorney's fees pursuant to Wis. Stat. § 995.50;
E. Actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1);
F. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
G. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);and
H. For such other and further relief as may be just and proper.

Dated this 14th day of July, 2021.

/s/ Nathan DeLadurantey
Nathan E. DeLadurantey, 1063937
DELADURANTEY LAW OFFICE, LLC
330 S. Executive Drive., Suite 109
Brookfield, WI 53005
Phone: (414) 377-0515
E: nathan@dela-law.com
*Attorney for the Plaintiff*